# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STACEY WILLIAMS                                                                    CIVIL ACTION NO.

VERSUS                                                                                      18-1020-SDD-EWD

MAGNOLIA CAFÉ, ET AL.

## RULING AND ORDER

Before the Court is an "Amended Motion to Compel/Motion to Compel," (the "Motion for Recusal"),[1] filed by Plaintiff Stacey Williams ("Plaintiff"). To the extent the Motion seeks recusal, it will be denied.[2] To the extent the Motion seeks withdrawal of Plaintiff's consent to the referral of this matter to a magistrate judge,[3] the Motion will also be denied.

**I.     Factual Background**

Plaintiff formerly worked for Defendants in St. Francisville, Louisiana for about six months. On November 16, 2018, Plaintiff filed her Complaint *pro se* in this Court, claiming that, Defendants discriminated against her during her employment on the basis of her race in violation of Title VII of the Civil Rights Act of 1964.[4] In connection with her claims, Plaintiff demands "punitive damages wages owed" and "max dollar amount for discrimination," a public apology for herself, and an apology to other employees who have experienced discrimination by Defendants.[5]

---

[1] R. Doc. 50. The document is in the form of a letter, and states that it is "to be added to MOTION FILED NOVEMBER 4, 2019 NOT LETTER IT CLEARLY STATES MOTION," which apparently refers to the document Plaintiff filed on November 4, 2019 that is also in the form a letter but contains the line: "Motion for Clerical Error/Coc [sic] Neglect to Place State Notary Seal on Documents…." addressed to Chief Judge Shelly Dick. *See* R. Doc. 46. The November 4, 2019 Motion does not indicate that it seeks recusal.
[2] The portion of the Motion seeking to compel discovery/subpoena responses from Magnolia Café, Robin Marshall and Skye Willis was denied without prejudice on November 21, 2019 due to Plaintiff's failure to comply with her obligations under Fed. R. Civ. P. 37. *See* R. Doc. 52.
[3] R. Doc. 28.
[4] R. Doc. 1, p. 1.
[5] R. Doc. 1, p. 2. Plaintiff's civil cover sheet references a demand of "$40,000 plus max discrimination." R. Doc. 1-2, p. 1.

On March 22, 2019, the parties consented to the jurisdiction of a magistrate judge.[6] Since the filing of the Complaint, the undersigned has received and addressed multiple letters (some liberally construed as motions in light of Plaintiff's *pro se* status) from Plaintiff, and has conducted a telephone status conference, an in-person scheduling conference, and an in-person status conference with the parties in order to facilitate scheduling and discovery.[7] Just prior to the last in-person status conference on November 21, 2019, Plaintiff filed the instant Motion, wherein she explicitly seeks recusal of the undersigned and Chief United States District Judge Shelly D. Dick, as follows (in pertinent part):

> Misconduct issues Also with Respect to ask the Judges in this case to Recuse yourselves..I would like to have another Judge Preside over this case it is my belief that favoritism and unfairness is taking place! Re-Schedule this Motion/Conference by a new Judge effective immediately….
> …
> 8. There is alot of one-sidedness in this case and seems to be in the Counsel for the defendants favor..counsel should not have been able to do all of the things he's done unnoticed.[8] Information on subpoenas being blocked etc…..This is unfairness to the Plaintiff …this is unjust behavior and a violation of the oath taken by Justices and Judges(lawyers) 28 .U.S.Code double s 453. Misconduct![9]

The Plaintiff was permitted to discuss the basis for the Motion for Recusal at the November 21, 2019 hearing and the undersigned explained to Plaintiff that Chief Judge Dick is no longer presiding over the case because the parties consented to the handling of the case by a magistrate judge. The Motion for Recusal was taken under advisement following the in-person conference.

---

[6] R. Doc. 23, *and see* R. Doc. 28, Order of Reference.
[7] *See* R. Docs. 12, 16, 17, 18, 26-27, 29, 32, 34, 36, and 52.
[8] Plaintiff has stated, verbally and in writing, her belief that Defendants and their counsel have failed to respond to her subpoenas and have made misrepresentations to the Court about discovery. The undersigned has explained to all parties that they must comply with their obligations under the Federal Rules of Civil Procedure and the Local Civil Rules. *See, e.g.*, R. Doc. 52. Furthermore, Plaintiff has been not shown any misrepresentations by defense counsel to the Court in this case.
[9] R. Doc. 50, pp. 1-2 (reproduced *in toto* as it appears in original). *See also* R. Doc. 55-1, pp. 80-81, November 28, 2019 letter from Plaintiff to the Clerk of Court requesting recusal of the undersigned and the district judge on the same grounds.

## II. Law and Analysis

### A. Plaintiff's Request for Recusal Lacks Any Showing of Bias or Prejudice and Will Be Denied

Two statutes govern recusal motions:[10] 28 U.S.C. § 144 and 28 U.S.C. § 455.[11] § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Other courts have held that a *pro se* litigant may not obtain disqualification of a presiding judge on under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith."[12] Thus, recusal under § 144 is not applicable.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

---

[10] In the Motion, Plaintiff specifically references 28 U.S.C. § 453; however, that statute sets forth the judicial oath that federal judges and justices are required to take before performing the duties of their offices and is thus inapplicable.
[11] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).
[12] *See e.g., Gibson v. Gusman,* Civil Action No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014) *citing Robinson v. Gregory*, 929 F.Supp. 334, 337-38 (S.D. Ind. 1996). Plaintiff has not submitted any affidavit at all. "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455 is unwarranted.

In determining whether recusal is appropriate under § 455, the Fifth Circuit has stated that the standard is an objective one. Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the judge's impartiality.[13] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[14] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[15]

To the extent the Motion seeks to recuse Chief Judge Dick, since she is not the presiding judge in this matter at this time and the only order Chief Judge Dick has issued in the case was the Notice Setting Trial and Related Deadlines while the case was still pending before her, recusal as to Chief Judge Dick is inappropriate. Further, Plaintiff has failed to provide any specific facts that would lead a reasonable and objective person to question the undersigned's impartiality, either before or after becoming the presiding judge, that would demonstrate any personal bias. Plaintiff moves to recuse based on her "belief that favoritism and unfairness is taking place," and that "[t]here is a lot of one-sidedness in this case" in favor of Defendants because, in Plaintiff's view, "counsel should not have been able to do all of the things he's done unnoticed." Other than her subjective (and unfounded) belief, Plaintiff has not come forward with any specific facts or evidence of bias or impartiality by the undersigned, and the course of the proceedings reflect otherwise.

---

[13] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[14] *Capizzo v. State*, No. 99-138, 1999 WL 539439, at *1 (E.D. La. July 22, 1999).
[15] *Spears*, 2012 WL 112985 at *2.

During telephone and in-person conferences, the undersigned has explained to Plaintiff, several times, the need to comply with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, specifically regarding discovery and the issuances of subpoenas. This includes requiring Plaintiff to serve Defendants with a copy of her subpoenas, to effect proper service thereof, to talk with defense counsel to try and resolve issues prior to filing discovery motions, and to file only relevant information in support of her motions.[16] This guidance was judicial in nature, not personal. It has also been explained to Plaintiff that the Court cannot (and will not) make determinations on the merits of the matter during the discovery stage of the case, and that the Court conducts telephone conferences and hearings in order to assist all of the parties in obtaining relevant information to prosecute and defend the case.[17] Deadlines have been extended to accommodate Plaintiff,[18] and the undersigned has permitted the parties to conduct a conference in the courtroom on January 6, 2020 (a date agreed-upon by Plaintiff) in order to discuss outstanding discovery issues, so that the parties will be in a neutral environment.[19] The Court has denied Motions to Compel, filed by both Plaintiff and Defendants, due to lack of compliance with their Fed. R. Civ. P. 37 obligations, which further shows that the parties have been treated even-handedly and impartially.[20] As there is no basis to question the impartiality of the undersigned in this case, the Motion to Compel will be denied to the extent it seeks recusal.

**B. Plaintiff Has Failed to Show Good Cause for a Request to Withdraw Consent to Proceed Before a Magistrate Judge**

Liberally construing the allegations in the Motion for Recusal, it may also be read to suggest Plaintiff no longer wishes to proceed before the undersigned. "In considering a motion to

---

[16] R. Doc. 18, p. 2; R. Doc. 36; R. Doc. 52.
[17] R. Doc. 52.
[18] R. Docs. 27, 32 *and, e.g.*, R. Doc. 52, p. 7.
[19] R. Doc. 52.
[20] R. Doc. 52.

5

withdraw consent to proceed before a magistrate judge, the court has sound discretion and may consider a variety of factors in reaching a decision on said motion. Some of the factors to be considered are 1) whether the movant is acting pro se; 2) the possibility of bias or prejudice on the part of the magistrate judge; and whether the interests of justice would best be served by holding the plaintiff to her consent."[21] As a general rule, once consent is given, it cannot be retracted absent a showing of good cause.[22] This prevents forum-shopping by litigants, who might otherwise seek to grant or withdraw consent depending on whether they like a particular ruling.[23] As set out above, there is no bias or prejudice on the part of the undersigned. Although Plaintiff is acting *pro se*, she has not stated that her consent was involuntary or coerced. Additionally, the consent was not filed until several months after the case and, because the undersigned has issued all the rulings in the case to date (many of which Plaintiff disagrees with), a request to withdraw consent at this point raises concerns about judge-shopping. Accordingly, the interests of justice would not be served by allowing Plaintiff to withdraw her consent.[24]

### III. Conclusion

After carefully reviewing the matter, there is no factual support for Plaintiff's allegation of any personal bias or prejudice on the part of the undersigned and Plaintiff has failed to establish good cause for withdrawal of consent to proceed before the undersigned.

Accordingly, **IT IS ORDERED** that the "Amended Motion to Compel/Motion to Compel," [25] is **DENIED** to the extent it seeks recusal or withdrawal of consent.

---

[21] *Price v. Plantation Mgmt. Co.*, No. CV 07-383-RET-DLD, 2008 WL 11354923, at *1 (M.D. La. July 25, 2008)(citations omitted).
[22] *See Carter v. Sea Land Services, Inc.,* 816 F.2d 1018, 1020-21 (5th Cir. 1987).
[23] *Id.*
[24] To the extent consent was withdrawn, Chief Judge Dick, whom Plaintiff has also sought to recuse, would be the presiding judge.
[25] R. Doc. 50.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff, Stacey Williams, via certified mail, return receipt requested at the address listed on the Court's CM/ECF system.

Signed in Baton Rouge, Louisiana, on December 30, 2019.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**