## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY WILLIAMS | CIVIL ACTION NO. |
| VERSUS | 18-1020-EWD |
| MAGNOLIA CAFÉ, ET AL. | CONSENT |

### RULING AND ORDER

Before the Court is a "Request for Oaths by Defendants," filed by Stacey Williams ("Plaintiff"), which the Court construes as a Motion for Oaths ("Motion").[1] The Motion is denied for the reasons set forth below.

### I. Law and Analysis

In the Motion for Oaths, Plaintiff alleges that Magnolia Café, Skye Willis, and Robin Marshall ("Defendants") have failed to timely provide responses to her discovery requests and that counsel for Defendants "knowingly lied" during the parties' November 2019 status conference with the Court when he allegedly stated that Plaintiff failed to communicate with him regarding discovery.[2] Plaintiff contends that she did communicate with defense counsel. In any event, as the

---

[1] R. Doc. 57.

[2] As a result of the failure of Plaintiff and defense counsel to confer in good faith about their discovery disputes as required by Fed. R. Civ. P. 37, both of their pending Motions to Compel were denied without prejudice at the November 2019 conference. *See* R. Doc. 52, p. 7 (denying R. Docs. 48 and 50). Plaintiff clearly misunderstands why her discovery motion was terminated since she repeatedly references in her filings that she believes it was because of some misrepresentation by defense counsel. *See, e.g.* R. Doc. 57, p. 1 ("THE JUDGE ASKED THAT MY MOTION TO COMPEL BE TERMINATED BECAUSE COUNSEL KNOWINGLY LIED AND LIED ABOUT PLAINTIFF NOT COMMUNCATING A LETTER WAS SENT TO HESSE WHICH WAS SUBMITTED TO THE COURT …."). The purpose of requiring parties to discuss alleged deficiencies in discovery is to permit the parties to resolve those issues without court involvement. The parties must undertake this obligation in good faith. Fed. R. Civ. P. 37(a). Regardless of whether Plaintiff sent a letter to defense counsel in October, the Court determined in November that neither party had made a *sufficient* effort to resolve the discovery disputes.

7018 0360 0001 1615 8647

apparent result of Plaintiff's continued belief that defense counsel misrepresents information,[3] Plaintiff seeks the following relief:[4]

> I AM REQUESTING THAT ANY AND ALL SWORN OATHS BY THE DEFENDANTS BE DONE ON PAPER OR BEORE A COURT REPORTER IN THE UNITED STATES DISTRICT COURT/MIDDLE DISTRICT OF LOUISIANA BEFORE THE JUDGE AND COURT REPORTER…I ASK THAT THEIR SWORN STATEMENT BE GIVEN ON PAPER OR BEFORE JUDGE AND JURY ON JANUARY 31, 2019 RECORDED AND A COPY BE GIVEN TO THE PLAINTIFF STACEY WILLIAMS.

It is unclear to what specific "sworn oaths" Plaintiff is referring. To the extent that Plaintiff wants Defendants and defense counsel to verify the statements in their pleadings[5] to the Court before a court reporter, the undersigned, another judge of this Court, or a jury, Plaintiff's request is unnecessary. Defendants act in this case through defense counsel, who must comply with Fed. R. Civ. P. 11, which provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[3] As noted in previous Orders, the Court is not aware of any intentional misrepresentations by defense counsel in connection with this case.
[4] The instant Motion also references Plaintiff's Motion for Recusal of the undersigned and Chief Judge Shelly Dick. R. Doc. 57, pp. 2-3. The Court has already ruled on this request and recusal was denied. R. Doc. 61.
[5] To the extent that Plaintiff is referring to Defendants' responses to her First Set of Interrogatories at R. Doc. 40, wherein she served a couple of requests for Defendants to answer via sworn statement/oath (*Id.* at pp. 1-2, Interrogatory Numbers 2 and 3), Defendants' Responses are verified by Defendant Skye Willis and notarized. *See* R. Doc. 67-2, pp. 5-20.

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[6]

Notably, this Rule also applies to pleadings filed by an "unrepresented party" such as Plaintiff. The failure to comply with the requirements of Fed. R. Civ. P. 11 subjects the noncompliant filer to sanctions pursuant to Fed. R. Civ. P. 11(c).[7] Additionally, with respect to discovery pleadings, Fed. R. Civ. P. 26(g) provides:

> (1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> A) with respect to a disclosure, it is complete and correct as of the time it is made; and
> (B) with respect to a discovery request, response, or objection, it is:
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

---

[6] *See, e.g., Snow Ingredients, Inc. v. SnoWizard, Inc.,* 833 F.3d 512, 528 (5th Cir. 2016) ("Rule 11 requires the attorney filing litigation documents to certify that the documents: '(1) [are] not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'").

[7] *See* Fed. R. Civ. P. 11(c)(4): "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

Like Fed. R. Civ. P. 11, failure to comply with the certification requirements of Fed. R. Civ. P. 26(g) subjects the noncompliant party to sanctions.[8]  The operation of these provisions of the Federal Rules of Civil Procedure make it unnecessary to require any additional "oaths."[9]  Accordingly, Plaintiff's Motion for Oaths shall be denied.

**IT IS ORDERED** that the Motion for Oaths[10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff, Stacey Williams, via certified mail, return receipt requested at the address listed for Plaintiff on PACER.

Signed in Baton Rouge, Louisiana, on September 29, 2020.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] *See* Fed. R. Civ. P. 26 (g)(3): "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."
[9] Fed. R. Civ. P. 33 requires that interrogatory responses be answered under oath and signed by the individual making the responses (rather than the attorney).  Rule 37 provides for sanctions if a party fails to comply with Rule 33.
[10] R. Doc. 57.