# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY WILLIAMS | CIVIL ACTION NO. |
| VERSUS | 18-1020-EWD |
| MAGNOLIA CAFÉ, ET AL. | CONSENT |

## RULING AND ORDER

Before the Court is a letter filed by Stacey Williams ("Plaintiff") to Clerk of Court Michael McConnell, which seeks recusal of the undersigned and a copy "of all information on file" regarding this matter from November 5, 2019 to November 31, 2019, and from December 1, 2019 through November 3, 2020, which Plaintiff purports to obtain via a Freedom of Information Act ("FOIA") request.[1] The Court will construe these requests as a Motion for Recusal and for copies of the pleadings ("Motion").

Plaintiff's Motion avers that she sent a FOIA request to Mr. McConnell in November 2019, and then re-urges the FOIA request for "all information on file" regarding this matter, without specifying what specific "information" she seeks, and the transmission logs for same.[2] Regardless of the specifics, however, U.S. Courts are exempted from the provisions of the FOIA, as explicitly set forth in 5 U.S.C. § 551(1)(b), which excludes the courts of the United States from the definition of "agency" used in § 551, *et seq*.[3] Therefore, Plaintiff's FOIA request is improper, Mr. McConnell has not "violated federal laws," and he has no duty to respond to Plaintiff's FOIA request under federal law.

---

[1] 5 U.S.C. § 552 and R. Doc. 102. The subject line of the letter also references "all Court Matters to be done by teleprompter," but the substance of the letter/Motion does not expound on that request, which is unclear. In any case, the Court does not conduct matters via "teleprompter," and the request is denied.
[2] R. Doc. 102, p. 1.
[3] *See United States v. Casas,* 376 F.3d 20, 22 (1st Cir. 2004): "The judicial branch is exempt from the Freedom of Information Act…."

Plaintiff's request for free copies of "all information on file" regarding this matter, either during the requested time periods or any other time periods, will also be denied as the Court is not obligated to provide free copies of the pleadings to Plaintiff. However, Plaintiff may obtain all filed pleadings in this matter on PACER, which provides public access to court documents for a fee and after registering for an account. Plaintiff may register for a free PACER account here: https://pacer.uscourts.gov/register-account/pacer-case-search-only.

Plaintiff's request for a new judge, *i.e.*, recusal of the undersigned, is based upon the same grounds previously asserted, *i.e.*, alleged favoritism of defendants and unfairness to Plaintiff. The Court denied recusal on these grounds and has addressed it several times since.[4] Plaintiff's current request for recusal will be denied for the reasons previously assigned. Likewise, Plaintiff's complaints about Defendants' responses to her discovery requests have already been addressed multiple times and the prior Ruling stands.[5]

Plaintiff is strongly advised to move past her disagreements with prior Court Orders and the alleged past conduct of defense counsel and to stop clogging the docket by repeatedly alleging the same complaints that have been addressed many times orally and in writing. Disagreement about the correctness of the Court's prior decisions, can be addressed on appeal when the case is concluded. At this point, Plaintiff should focus her efforts on moving this case to resolution, including timely complying with the Amended Scheduling Order[6] and any other Orders of this Court. To that end, any future documents filed by Plaintiff that raise issues that have previously

---

[4] R. Doc. 61 *and see* R. Docs. 92, 98, 100.
[5] R. Doc. 84.
[6] R. Doc. 85.

been addressed by the Court will be ordered stricken from the record pursuant to Federal Rule of Civil Procedure 12(f) and will not be considered.[7]

Accordingly,

**IT IS ORDERED** that Plaintiff Stacey Williams' request for "information on file" for this case via a FOIA request to the Clerk of Court and her Motion for free pleadings[8] are **DENIED**. The Court is not an agency subject to FOIA and Plaintiff can obtain copies of the pleadings via PACER for a fee, as explained in this Ruling and Order

**IT IS FURTHER ORDERED** that the Motion for Recusal[9] is **DENIED**, having already been ruled upon by the Court.[10]

**IT IS FURTHER ORDERED** that all other relief sought in the instant Motion[11] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Stacey Williams, via certified mail, return receipt requested at the address listed for Plaintiff on PACER.

Signed in Baton Rouge, Louisiana, on December 7, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Rule 12(f) provides that, on its own motion, the Court "may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See also, McCorstin v. U.S. Dept. of Labor*, 620 F.2d 242 (5th Cir. 1980) (upholding district court's striking of impertinent pleadings filed by a *pro se* litigant).
[8] R. Doc. 102.
[9] R. Doc. 102.
[10] R. Doc. 61 *and see* R. Docs. 92, 98, 100.
[11] R. Doc. 102.