UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY WILLIAMS** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-1020-EWD** |
| **MAGNOLIA CAFÉ, ET AL.** | **CONSENT** |

### RULING AND ORDER

Before the Court is a Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Motion"),[1] filed on behalf of Jason Hannaman ("Hannaman"), Executive Director of the Louisiana State Police Commission. The Motion seeks to quash subpoenas issued by Stacey Williams ("Plaintiff") in this case and served on Hannaman on or about November 18, 2020. As Plaintiff has not responded to the Motion, it will be considered unopposed.[2] Additionally, because the Motion represents that the subpoenas seek documents over which the Louisiana State Police Commission ("LPSC") either has no custody or control, or documents that do not exist at the LSPC, the Motion will be granted.

Plaintiff formerly worked for Magnolia Café in St. Francisville, Louisiana for about six months. On November 16, 2018, Plaintiff filed her Complaint *pro se* in this Court, claiming that, Defendants Magnolia Café, Skye Willis, Robin Marshall and Mary Daniel discriminated against her during her employment on the basis of her race in violation of Title VII of the Civil Rights Act of 1964.[3] In connection with her claims, Plaintiff demands "punitive damages wages owed" and

---

[1] R. Doc. 104.
[2] The Motion was filed on November 19, 2020. Pursuant to Local Civil Rule 7(f), any response to the Motion was required to be filed within twenty-one days after service. The Motion states that it was mailed to Plaintiff at her address of record on November 19, 2020. R. Doc. 104, p. 3. Almost sixty days have passed since the Motion was served.
[3] R. Doc. 1, p. 1.

"max dollar amount for discrimination," a public apology for herself, and an apology to other employees who have experienced discrimination by Defendants.[4]

The subpoenas at issue seek production of the following documents from LSPC: a copy of the Louisiana driver's license and all information on file at LPSC for Skye Willis; a copy of the Louisiana driver's license or ID card and all information on file at LPSC for Virginia Skye Walters Willis; a copy of the Louisiana driver's license Mary Daniel; and a copy of the Louisiana driver's license or ID card and all information on file at LPSC for Robin Marshall.[5] First, it does not appear that these subpoenas were properly served as the Motion indicates the subpoenas were mailed via certified mail to the office of LPSC.[6] The Court has previously explained to Plaintiff that subpoenas that are not personally served are invalid.[7] Additionally, the subpoenas command production of the documents requested on November 25, 2020, which is after the close of fact discovery in this case.[8] Finally, according to the information in the Motion, the subpoenas seek information that is not maintained by LPSC.[9]

A subpoena that subjects a party to undue burden must be quashed or modified[10] It is not only unduly burdensome, but impossible, to require an entity to produce documents that it has represented through counsel, subject to Fed. R. Civ. Proc. 11, that it does not possess. Further, to the extent the subpoenas were timely and appropriately propounded, the Motion adequately

---

[4] R. Doc. 1, p. 2. Plaintiff's civil cover sheet references a demand of "$40,000 plus max discrimination." R. Doc. 1-2, p. 1.
[5] R. Doc. 104-1.
[6] R. Doc. 104, p. 1, n.1.
[7] *See* R. Doc. 36, pp. 1-2.
[8] According to the Amended Scheduling Order, fact discovery had to be completed by November 24, 2020. R. Doc. 85. Under Local Civil Rule 26(d)(2), written discovery is not timely unless the response to that discovery would be due before the discovery deadline.
[9] "The Louisiana State Police Commission ('LPSC') was created to administer and regulate the classified state police service (La. Constitution Art. 10, §§ 43-51). This entity has no authority over the administrative of Louisiana Driver's Licenses, nor does it have records of Louisiana citizens' drivers' licenses or identification cards. Further, it does not appear that Virginia Skye Walters Willis, Robin Marshall, or Mary Daniel ever served in the classified state police service therefore, there are no records concerning these individuals at LPSC."). R. Doc. 104, p. 2.
[10] Fed. R. Civ. Proc. 45(d)(3)(A)(iv).

constitutes LPSC's timely response to the subpoenas—*i.e.*, that LPSC does not have responsive documents.

The Motion was timely filed within just one day after receipt of the subpoenas, and before the date the subpoenas commanded production of the information sought. Plaintiff has not filed any opposition memorandum to the Motion, and, for the reasons outlined above, there appears to be good cause to grant the Motion.

Accordingly,

**IT IS ORDERED** that the Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Motion"),[11] filed on behalf of Jason Hannaman, Executive Director of Louisiana State Police Commission, is **GRANTED** and the subpoenas, propounded by Plaintiff Stacey Williams and dated November 2, 2020 (R. Doc. 104-1), are **QUASHED**.

**IT IS FURTHER ORDERED** that the Clerk shall serve notice of this Ruling and Order on Plaintiff Stacey Williams by certified mail return receipt requested at her address of record on PACER.

Signed in Baton Rouge, Louisiana, on January 14, 2021.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 104.