# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

STACEY WILLIAMS                                    CIVIL ACTION NO.

VERSUS                                             18-1020-EWD

MAGNOLIA CAFÉ, ET AL.                              CONSENT

## RULING AND ORDER

Before the Court are two letters, filed by Stacey Williams ("Plaintiff"), directed generally to the Court and/or to Clerk of Court Michael McConnell.[1] These letters are deficient in several ways. First, Plaintiff has been notified, on several occasions, that requests for relief must be sought by properly-filed motions pursuant to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.[2] While the Court has liberally construed Plaintiff's letters as motions in the past due to Plaintiff's *pro se* status,[3] Plaintiff continues to flagrantly disregard the Federal and Local Rules in her filings. Even though the pleadings of *pro se* plaintiffs are construed liberally, *pro se* plaintiffs are not absolved of the responsibility to comply with the applicable rules, which was explained to Plaintiff in telephone conferences and open court.[4] Accordingly, Plaintiff's complaints in these letters will not be addressed because they are not proper motions (and additionally, for the reasons set forth below). Plaintiff is ordered to comply with the requirements of Fed. R. Civ. P. 7, 8 and 10 and Local Rules 7 and 10 when seeking relief from this

---

[1] R. Docs. 114 and 115.

[2] R. Doc. 18, p. 2 ("Plaintiff was instructed to file a motion if she seeks relief from the Court and to refrain from submitting correspondence to the Court regarding her claims or the status of this matter, unless same is requested by the Court."); R. Doc. 52, p. 2 (wherein Plaintiff was given the website address to a link to the Court's Local Rules); R. Doc. 92, p. 1, n. 1; R. Doc. 98, p. 1, n. 1;  Doc. 113, p. 1, n. 1.

[3] *See, e.g.*, R. Doc. 27, p. 1; R. Doc. 42; R. Doc. 61, p. 2; R. Doc. 86; R. Doc. 92, p. 1, n. 1; R. Doc. 98, p. 1, n. 1; R. Doc. 107, p. 1; R. Doc. 113, p. 1, n. 1.

[4] R. Doc. 18, p. 2 ("The undersigned explained to Plaintiff that this matter will be conducted according to the Federal Rules of Civil Procedure and the Local Rules of Court, which Plaintiff can access via the Court's website. Plaintiff was advised that she is expected to follow these rules."); R. Doc. 52, *and e.g.*, R. Doc. 36, p. 3 (the Rules relating to discovery were explained to Plaintiff).

Mail receipt #7018 0360 0001 1615 5752

Court, including seeking such relief by appropriate motion.  **Further letters filed by Plaintiff seeking relief from this Court that are not compliant with the rules in the required format shall be stricken as noncompliant, without further notice to Plaintiff.**

Second, Plaintiff has engaged in a pattern of clogging up the docket with letters and documents that do not seek any judicial relief at all; rather, they are recitations of Scriptures or appeals by Plaintiff to non-parties for protection/intervention.[5]  Such filings are inappropriate and immaterial because they are wholly unrelated to any matters in this case and they comprise a waste of judicial resources to the extent they are filed into the docket and must be reviewed.  Accordingly, Plaintiff is ordered to cease filing documents, or including information in her filings, that is unrelated to, and/or has no bearing on Plaintiff's claims, legal arguments, or evidence in this case, including but not limited to, recitations of Scriptures and/or appeals for protection/intervention by Plaintiff to non-parties. **Further filing of this type of information shall be stricken as immaterial pursuant to Fed. R. Civ. P. 12(f), without further notice to Plaintiff.**[6]

Third and finally, Plaintiff's improper letters continue to rehash issues that have already been resolved by prior ruling and/or order, without any new evidence or argument asserted by Plaintiff in support of reconsideration, including: (1) recusal of the undersigned, which is based upon the same grounds previously asserted, *i.e.*, alleged favoritism of defendants and unfairness to Plaintiff.  The Court denied recusal on these grounds and has addressed it several times since;[7] (2) Plaintiff's complaints about Defendants' responses to her discovery requests and the alleged conduct of defense counsel. These matters have already been addressed multiple times and the

---

[5] *See, e.g.,* R. Doc. 112-1, R. Doc. 115-1.

[6] Rule 12(f) provides that, on its own motion, the Court "may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See also McCorstin v. U.S. Dept. of Labor*, 620 F.2d 242 (5th Cir. 1980) (upholding district court's striking of impertinent pleadings filed by a *pro se* litigant).

[7] R. Docs. 61, 107 *and see* R. Docs. 92, 98, 100.

2

prior Ruling stands;[8] (3) Plaintiff's complaints about the docket number of this case, the reason for which was thoroughly explained to Plaintiff in open court;[9] (4) Plaintiff's request for a default judgment, which has already been addressed;[10] (5) Plaintiff's unsupported allegations against the Clerk's Office, which have already been addressed;[11] (6) Plaintiff's request for court proceedings to be conducted by "teleprompter," which is not a manner in which the Court conducts proceedings as previously explained;[12] and (7) Plaintiff's non-specific subpoenas for driver's licenses of the individual defendants.   To the extent Plaintiff is referring to the subpoenas she directed to the Louisiana State Police Commission, the subpoenas were addressed in the Court's order granting the Motion to Quash, filed by Jason Hannaman, Executive Director of the Louisiana State Police Commission, which Motion was unopposed by Plaintiff.[13]   As shown, Plaintiff misrepresents that the Court has not addressed these matters; in fact, all of the foregoing has been addressed and copies of the related orders have been sent to Plaintiff via certified mail return receipt requested. Importantly, it was explained to Plaintiff in an earlier order how she can obtain a free PACER account and review the docket in order to access these orders.[14]

Finally, Plaintiff's attention is directed to the Court's December 7, 2020 Order, wherein Plaintiff was specifically notified: "…**any future documents filed by Plaintiff that raise issues**

---

[8] R. Docs. 84, 107, *and e.g.*, R. Doc. 61, p. 2, n. 8 (noting no evidence of improper conduct by defense counsel); R. Doc. 83, p. 2, n. 3 (same).
[9] R. Doc. 65, p. 2, n. 4 *and e.g.*, R. Doc. 84, p. 4, n. 21.
[10] R. Doc. 78 *and see* R. Doc. 98, p. 2, n. 4 (explaining why default is not warranted).
[11] R. Doc. 52, p. 2; R. Doc. 65, p. 2.
[12] R. Doc. 107, p. 1, n. 1.
[13] R. Doc. 109.  As set forth therein, the Louisiana State Police Commission established that it does not have documents responsive to the subpoenas.
[14] R. Doc. 107.

that have previously been addressed by the Court will be ordered stricken from the record pursuant to Federal Rule of Civil Procedure 12(f) and will not be considered."[15]

Accordingly,

**IT IS ORDERED** that the complaints raised in the letters of Plaintiff Stacey Williams dated February 25, 2021[16] and post-marked March 1, 2021[17] are non-compliant with the format required by the Federal Rules of Civil Procedure; contain immaterial matters, and/or have already been ruled upon by prior Rulings and Orders of the undersigned with no new evidence or argument argued by Plaintiff in support of reconsideration; therefore, they shall not be considered.

**IT IS FURTHER ORDERED** that any further documents filed by Plaintiff Stacy Williams that (1) seek relief but are not styled as proper motions; (2) that fail to seek judicial relief and are immaterial to this matter; and/or (3) that raise issues that have been previously addressed by this Court without any new evidence or argument in support of reconsideration, **SHALL BE STRICKEN** from the record pursuant to Federal Rules of Civil Procedure 7, 8, 10 and/or 12(f), *etc.*, and will not be considered.  **This Order is the final warning to Plaintiff regarding these issues.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Stacey Williams, via certified mail, return receipt requested at the address listed for Plaintiff on PACER.

Signed in Baton Rouge, Louisiana, on March 8, 2021.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 107.  Rule 12(f) provides that, on its own motion, the Court "may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See also, McCorstin v. U.S. Dept. of Labor*, 620 F.2d 242 (5th Cir. 1980) (upholding district court's striking of impertinent pleadings filed by a *pro se* litigant).
[16] R. Doc. 114.
[17] R. Doc. 115.

4