# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STACEY WILLIAMS                                    CIVIL ACTION NO.

VERSUS                                             18-1020-EWD

MAGNOLIA CAFÉ, ET AL.                              CONSENT

## RULING AND ORDER

Before the Court are two letters, dated March 12, 2021 and March 13, 2021, respectively, filed by Stacey Williams ("Plaintiff").[1] Plaintiff has been repeatedly warned about filing documents into the record that are not compliant with applicable rules and/or are not in the appropriate format, that contain information that is immaterial to the claims in this matter, and that raise issues that have previously been addressed.[2]  The current letters violate each of these warnings and will be stricken subject to Plaintiff's right to reurge issues that have not been resolved by prior ruling and/or order in the form of a motion in compliance with the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

To the extent Plaintiff seeks to reurge matters properly, she is advised that the following **will not** be considered: (1) recusal of the undersigned, which is based upon the same grounds previously asserted, *i.e.*, alleged favoritism of defendants and unfairness to Plaintiff.  The Court denied recusal on these grounds and has addressed it several times since;[3] (2) Plaintiff's complaints about Defendants' responses to her discovery requests and the alleged conduct of defense counsel. These matters have already been addressed multiple times and the prior Ruling stands;[4] (3)

---

[1] R. Docs. 117 and 118.  One letter (R. Doc. 117) says "Motion: 3ʳᵈ Request for Legal Protection and has been ignored the [sic] Presiding magistrate Judge and clerks office nothing was mentioned in reference to Motion and request for Legal Protection," however, because the document does not comply with the requirements of the Federal Rules or Local Rules, it is not a proper "motion."

[2] *See* R. Doc. 116 (advising Plaintiff that the Order "is the final warning to Plaintiff regarding these issues.").

[3] R. Docs. 61, 107 *and see* R. Docs. 92, 98, 100.

[4] R. Docs. 84, 107, *and e.g.*, R. Doc. 61, p. 2, n. 8 (noting no evidence of improper conduct by defense counsel); R. Doc. 83, p. 2, n. 3 (same).

Plaintiff's complaints about the docket number of this case, the reason for which was thoroughly explained to Plaintiff in open court;[5] (4) Plaintiff's renewed request for a default judgment. The Clerk of Court previously denied Plaintiff's request for a default, which has already been addressed;[6] (5) Plaintiff's unsupported allegations against the Clerk's Office, which have already been addressed;[7] (6) Plaintiff's request for court proceedings to be conducted by "teleprompter," which is not a manner in which the Court conducts proceedings, as previously explained;[8] and (7) Plaintiff's non-specific subpoenas for driver's licenses of the individual defendants.  To the extent Plaintiff is referring to the subpoenas she directed to the Louisiana State Police Commission, the subpoenas were addressed in the Court's order granting the Motion to Quash, filed by Jason Hannaman, Executive Director of the Louisiana State Police Commission, which Motion was not timely opposed by Plaintiff.[9]  As has been repeatedly noted, the foregoing issues have been addressed and copies of the related orders have been sent to Plaintiff via certified mail return receipt requested to ensure delivery.

Plaintiff's repetitive argument that it was improper for defense counsel to notarize the affidavit of defendant Virginia Willis simply because Willis is also his client (and allegedly, his friend), will also not be considered as it is legally incorrect.  *See* La. R.S. 35:3 ("Oaths and acknowledgments, in all cases, may be taken or made by or before any notary public duly

---

[5] R. Doc. 65, p. 2, n. 4 *and e.g.*, R. Doc. 84, p. 4, n. 21.

[6] R. Doc. 78 *and see* R. Doc. 98, p. 2, n. 4 (explaining why default is not warranted).  Plaintiff has failed to come forward with any new evidence or argument in support of entry of a default or a default judgment, which is unlikely to exist because Defendants have already filed their answer and appeared in this case.

[7] R. Doc. 52, p. 2; R. Doc. 65, p. 2.

[8] R. Doc. 107, p. 1, n. 1.  To the extent Plaintiff's request for a "teleprompter" is a request for court proceedings to be conducted remotely due to the current pandemic, R. Doc. 117, p. 1, this request is premature.  No proceedings are currently scheduled to take place in person in this case until the pretrial conference in August 2021.  R. Doc. 85. The Court's Administrative Orders govern in-person proceedings during the pandemic.  *See* Administrative Order 2021-1, issued on January 15, 2021 at https://www.lamd.uscourts.gov/news/court-operations-curtailed-during-covid-19-outbreak-see-administrative-orders. Future proceedings in this case may be conducted in person, or by another other authorized means, including by Zoom video conference, or telephone, as warranted. The parties will be advised well in advance as to how proceedings will be conducted.

[9] R. Doc. 109.  As set forth therein, the Louisiana State Police Commission established that it does not have documents responsive to the subpoenas.

2

appointed and qualified in this state.").[10]  Plaintiff has not come forward with any evidence tending to show that the requirements of the applicable statutes in Title 35 of the Louisiana Revised Statutes were not met when counsel notarized the affidavit.[11]  In any case, it is unclear what relief Plaintiff seeks with respect to this claim, but any such relief is factually and legally unsupported.

Plaintiff also requests for all deadlines in March to be continued for either sixty to ninety days.[12]  As grounds for the continuance, Plaintiff asserts a non-specific request for "legal protection."[13]  It is unclear whether this is a request for appointment of legal counsel pursuant to Section 706(f) of Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), as Plaintiff has asserted discrimination claims pursuant to Title VII,[14] a request for additional time to retain counsel, or something else.  The decision of whether to provide counsel to a Title VII plaintiff rests solely in the discretion of the court, as a Title VII plaintiff has no absolute right to appointment of counsel, despite Plaintiff's apparent belief to the contrary. In determining whether counsel should be appointed, the court should consider the following factors: (1) whether the complainant has the financial ability to retain counsel; (2) whether the complainant has made a diligent effort to retain counsel; and (3) whether the complainant has a meritorious claim.[15]  Where a litigant representing herself has the "ability to investigate and present the case," it is not an abuse of discretion to refuse a request to appoint counsel.[16]  Plaintiff has not addressed any of these factors in her current

---

[10] *See also Thigpen v. Wall Printing Corp.,* 145 So. 714, 715 (La. Ct. App. 1933) ("The general rule is that, where he has no personal interest, the notary taking an acknowledgment is not disqualified because of the fact that he is agent or attorney for one of the parties.")  Plaintiff has come forward with no credible information to suggest that defense counsel has a personal interest in this matter.

[11] R. Doc. 117, p. 2 and R. Doc. 118, p. 2.  The notary seal of defense counsel reflects that he is a Louisiana notary. Plaintiff has not specifically identified the Willis statement to which she refers, but *see* Willis's affidavit at R. Doc. 90.  Plaintiff also incorrectly alleges that defense counsel acted as a witness on the affidavit.

[12] R. Doc. 118, p. 1.  The only March deadline is the March 19, 2021 deadline for the filing of dispositive and *Daubert* motions. R. Doc. 85.

[13] R. Doc. 117, pp. 1-2 and R. Doc. 118, pp. 1-2.

[14] R. Doc. 1, pp. 1-2.

[15] *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990), citing *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir.1977).

[16] *Blackman v. Global Industries Offshore, L.L.C.*, 228 Fed.Appx. 410, 411 (5th Cir. 2007).

3

letters. Although Plaintiff was granted permission to proceed *in forma pauperis*, that Order was issued in November 2018, based on information provided at that time, which does not establish that she does not have the financial ability to retain counsel currently.[17] Plaintiff also has not provided any explanation of her attempts to seek counsel up to this point and why they have been unsuccessful, and thus it is not clear whether Plaintiff has acted diligently in attempting to obtain counsel.[18]

To the extent Plaintiff requests an extension of the scheduling order deadlines, she has failed to show good cause, as required by Fed. R. Civ. P. 16(b)(4), which additionally requires the judge's consent.[19] As noted above, Plaintiff states that she wants the Court to "push back all Court dates for March 2021 until Legal Protection is given/granted to Stacey Williams or time to hire an attorney,"[20] but Plaintiff has not provided the required information to determine whether she would qualify for counsel. To the extent Plaintiff requests "time to hire an attorney and gather proceeds if the presiding Judge continues to ignore my motions and request for Legal Protection. (Between 60 to 90 days),"[21] there are no motions pending. Plaintiff's numerous complaints, submitted in the form of letters, have been liberally construed and repeatedly addressed, notwithstanding her refusal to comply with the applicable rules. Additionally, this case has been pending since November 2018, and the deadlines in this matter have already been continued several times, at

---

[17] A copy of the form for an Application Under Section 706(f) of Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), which may be used to request appointment of an attorney, is attached for Plaintiff's convenience.

[18] *See GSD Dev. Co., L.L.C. v. Action Concrete Constr., Inc.,* No. 19-00159-BAJ-SDJ, 2020 WL 8362811, at *1 (M.D. La. May 11, 2020) ("The Fifth Circuit has explained that a party is required 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.,* 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003))."). Plaintiff previously requested appointment of counsel as an alternative to an extension of scheduling order deadlines to allow her time to find an attorney. R. Doc. 29. Because the deadlines in the scheduling order were extended, the request for appointment of counsel was denied. R. Doc. 32.

[19] *See also* the current Scheduling Order at R. Doc. 85, which provides: "The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P.").

[20] R. Doc. 118.

[21] R. Doc. 118.

Plaintiff's request.[22] Further continuances would be prejudicial to Defendants in light of the remaining impending deadlines.[23]

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall **STRIKE** from the record the two letters, dated March 12, 2021 and March 13, 2021, filed by Stacey Williams.[24] Ms. Williams has repeatedly been warned about filing documents that (1) seek relief but are not styled as proper motions; (2) fail to seek judicial relief and/or contain matters that are immaterial to the issues in this case; and/or (3) raise issues that have been previously addressed by this Court without any new evidence or argument in support of reconsideration.  These letters violate repeated warnings. All relief sought in these letters is **DENIED**.  To the extent Plaintiff seeks a continuance of the scheduling order deadlines and/or appointment of counsel, she must file a document that complies with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the requirements of this Ruling and Order, as well as any prior Orders of the Court.

**Plaintiff is again advised that any filings that fail to comply will be stricken from the record.**

---

[22] R. Docs. 27, 32 *and e.g.*, 11.

[23] *See GSD Dev. Co., L.L.C.,* 2020 WL 8362811, at *1 ("The Fifth Circuit has considered the following four factors in determining whether good cause under Rule 16(b)(4) has been shown: (1) an explanation for the failure to timely comply with the scheduling order, (2) the importance of the modification, (3) potential prejudice in allowing the modification, and (4) the availability of a continuance to cure such prejudice.").

[24] R. Docs. 117 and 118.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Stacey Williams, via regular and certified mail, return receipt requested at the address listed on PACER.

Signed in Baton Rouge, Louisiana, on March 18, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**