UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY WILLIAMS | CIVIL ACTION NO. |
| VERSUS | 18-1020-EWD |
| MAGNOLIA CAFÉ, ET AL. | CONSENT |

## RULING AND ORDER

Before the Court is a letter dated March 19, 2021 filed by Stacey Williams ("Plaintiff"), directed to the Chief Judge.[1] This letter appears to raise a judicial misconduct complaint against the undersigned for alleged favoritism toward defendants in this matter and/or bias against Plaintiff. The allegations regarding favoritism and/or bias have been addressed repeatedly.[2] To the extent Plaintiff intends to bring a judicial misconduct complaint, this letter is not the appropriate means to do so.[3] Plaintiff's complaints about Defendants' responses to her discovery requests and the alleged conduct of defense counsel have already been addressed multiple times and the prior Ruling stands.[4] Plaintiff's request for a default judgment has already been addressed.[5] Plaintiff's unsupported allegations against the Clerk's Office have already been addressed.[6] Plaintiff's request for court proceedings to be conducted by "teleprompter," which is not a manner in which the Court conducts proceedings, was previously explained.[7] Plaintiff's non-specific

---

[1] R. Doc. 120.
[2] To the extent Plaintiff seeks recusal based on these allegations, that request has been addressed several times. R. Docs. 61, 107 *and see* R. Docs. 92, 98, 100.
[3] To the extent Plaintiff wishes to raise new allegations of judicial misconduct allegedly engaged in by the undersigned, she must do so according to The Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Raising such allegations in this Court, with the judges of this Court, or with the Clerk of Court is improper as this is not the proper forum for such complaints.
[4] R. Docs. 84, 107, *and e.g.*, R. Doc. 61, p. 2, n. 8 (noting no evidence of improper conduct by defense counsel); R. Doc. 83, p. 2, n. 3 (same).
[5] R. Doc. 78 *and see* R. Doc. 98, p. 2, n. 4 (explaining why default is not warranted).
[6] R. Doc. 52, p. 2; R. Doc. 65, p. 2.
[7] R. Doc. 107, p. 1, n. 1. As explained in the Court's March 18, 2021 Order at R. Doc. 119, to the extent Plaintiff's request for a "teleprompter" is a request for court proceedings to be conducted remotely due to the current pandemic, R. Doc. 117, p. 1, this request is premature. No proceedings are currently scheduled to take place in person in this case until the pretrial conference in August 2021. R. Doc. 85. The Court's Administrative Orders govern in-person proceedings during the pandemic. *See* Administrative Order 2021-1, issued on January 15, 2021 at https://www.lamd.uscourts.gov/news/court-operations-curtailed-during-covid-19-outbreak-see-administrative-orders. Future proceedings in this case may be conducted in person, or by another other authorized means, including

subpoenas for driver's licenses of the individual defendants have already been addressed.[8] Plaintiff's continued allegation that unspecified motions have not been ruled upon and/or are ruled upon in an untimely manner is incorrect. In fact, there are no pending motions on the docket other than the one addressed in this Ruling and Order. Plaintiff has also been warned "…**any future documents filed by Plaintiff that raise issues that have previously been addressed by the Court will be ordered stricken from the record pursuant to Federal Rule of Civil Procedure 12(f) and will not be considered.**"[9] Because the letter renews Plaintiff's request for a continuance, it will not be stricken, although it continues to rehash the issues noted above which have repeatedly been resolved and will not be further addressed.[10]

Plaintiff's request for a 90-day continuance to obtain counsel is likewise denied for lack of any good grounds shown supporting the request, for the same reasons explained in the Court's March 18, 2021 Order.[11] This case has been pending since 2018 and Plaintiff has had ample time to obtain counsel. Additionally, Plaintiff's letter fails to set forth any details as to her attempts to obtain counsel and why she has been unsuccessful, and therefore does not show that Plaintiff acted diligently. Plaintiff also failed to submit the required application for court-appointed counsel, although it was provided to her as a courtesy.[12]

---

by Zoom video conference, or telephone, as warranted. The parties will be advised well in advance as to how proceedings will be conducted.

[8] R. Doc. 109. To the extent Plaintiff is referring to the subpoenas she directed to the Louisiana State Police Commission, the subpoenas were addressed in the Court's order granting the Motion to Quash, filed by Jason Hannaman, Executive Director of the Louisiana State Police Commission, which Motion was unopposed by Plaintiff. As set forth therein, the Louisiana State Police Commission established that it does not have documents responsive to the subpoenas.

[9] R. Doc. 107 and R. Doc. 116. Rule 12(f) provides that, on its own motion, the Court "may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See also, McCorstin v. U.S. Dept. of Labor*, 620 F.2d 242 (5th Cir. 1980) (upholding district court's striking of impertinent pleadings filed by a *pro se* litigant).

[10] *See* R. Doc. 116, 119.

[11] R. Doc. 119.

[12] R. Docs. 119, 119-1.

Accordingly,

**IT IS ORDERED** that the complaints raised in the March 19, 2021 letter[13] of Plaintiff Stacey Williams have already been ruled upon by prior Rulings and Orders of the Court with no new evidence or argument argued by Plaintiff in support of reconsideration; therefore, they shall not be considered and are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for a 90-day continuance[14] to obtain counsel is likewise **DENIED** for lack of any good grounds shown supporting the request, for the same reasons explained in the Court's March 18, 2021 Order.   If Plaintiff seeks a continuance of the scheduling order deadlines and/or appointment of counsel, she must file a document that complies with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the requirements of this Ruling and Order, as well as the prior Orders of the Court.

**IT IS FURTHER ORDERED** that any judicial misconduct complaint must be filed in accordance with The Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings, and is not properly considered by any judge of this Court or by the Clerk of Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Stacey Williams, via certified mail, return receipt requested at the address listed for Plaintiff on PACER.

Signed in Baton Rouge, Louisiana, on April 1, 2021.

*(signature)*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 120.
[14] R. Doc. 120.