UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STACEY WILLIAMS                                              CIVIL ACTION NO.

VERSUS                                                       18-1020-EWD

MAGNOLIA CAFÉ, ET AL.                                        CONSENT

## RULING AND ORDER

Over the course of almost three years, Stacey Williams ("Plaintiff") has repeatedly refused to comply with the orders of this Court and the rules governing her litigation and has failed to prosecute her claims. After many warnings regarding her conduct, Plaintiff's behavior results in dismissal of her case with prejudice pursuant to Fed. R. Civ. P. 41(b). Because the Court dismisses Plaintiff's case on its own motion, the Motions for Contempt[1] against Plaintiff, filed by Defendants, Magnolia Café, Inc., Robin Marshall, and Skye Williams ("Defendants"), although meritorious, are denied as moot.

### I.     Factual and Procedural Background

This matter was filed on November 16, 2018 by Plaintiff, who is representing herself, asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., arising out of her former employment with Defendants.[2] Trial is currently scheduled for September 20, 2021.[3] A status conference was scheduled via Zoom videoconferencing for July 21, 2021 in light of the upcoming trial date and due to the receipt of an (improperly) faxed letter from Plaintiff, re-asserting issues that have already been decided.[4] Defendants then filed an objection to the absence of the pretrial order, stating that they could not reach Plaintiff to discuss the pretrial order, which Plaintiff failed to file by the due date of July 9,

---
[1] R. Docs. 139, 149.
[2] R. Docs. 1 and 1-1 and *see* R. Docs. 61 and 84 for the factual background underlying Plaintiff's claims and the relief she seeks.
[3] R. Doc. 85.
[4] R. Docs. 85, 126-27, 129-30.

2021.[5] Plaintiff attempted to seek a continuance of the conference via methods that are not compliant with the applicable Local Rules and the Court's Administrative Procedures, *i.e.*, calling and leaving voicemail messages with the Clerk of Court's office, faxing a letter to the chambers of Chief Judge Shelly Dick, who has not presided over this case since May 2019, and faxing a letter to the Clerk's Office directed to the undersigned.[6] In any case (and despite non-compliance with the rules), Plaintiff's assertions were considered, and the conference was converted to an in-person conference to accommodate Plaintiff, who said she did not have a working telephone, and to give the parties the opportunity to confer in court to draft the pretrial order.[7] The parties were notified in advance that the conference was set, in part, so that they could confer and draft the pretrial order.[8] Because further continuances were not possible in light of the August 10, 2021 pretrial conference and the September 20, 2021 trial date, and because there was no current pretrial order, the July 22, 2021 conference went forward. Plaintiff was in attendance, which refutes her contention that she was not timely made aware of the date.[9]

During the July 22, 2021 conference, Plaintiff stated that she already filed a pretrial order that provided her information, and did not believe she needed to file another one.[10] It was explained to Plaintiff that her prior pretrial order, filed early in the case, was not on the proper form and did not contain Defendants' inserts.[11] Plaintiff was advised that she could use the contents from her prior filing if she so desired, but that she was required to file a joint pretrial order on the proper form (contained in the record,[12] and provided to her as a courtesy at the

---

[5] R. Doc. 131.
[6] The voicemails are not in the record *but see* R. Docs. 137 and 142. Plaintiff's facsimile to the Chief Judge was returned to her as deficient. R. Doc. 140. Plaintiff's July 22, 2021 facsimile to the undersigned was not docketed because the Clerk of Court does not accept faxed filings.
[7] R. Doc. 137, 140, 142. The conference was also moved to another day at the request of defense counsel, who explained that he had a prior deposition scheduled for July 21, 2021. R. Docs. 129-30.
[8] R. Docs. 137, 142.
[9] R. Docs. 142-144.
[10] R. Doc. 144, p. 4.
[11] R. Docs. 55 and 144.
[12] R. Doc. 33.

2

conference).[13] Plaintiff was also granted an extension of time to file the pretrial order--until August 6, 2021.[14] Plaintiff was again ordered to seek relief via proper methods.[15] She was also specifically warned, several times, that if she failed to timely file the pretrial order or failed to timely seek an extension to file it, supported by good grounds, this matter would be dismissed due to Plaintiff's violation of the Court's orders and Plaintiff's failure to adequately prosecute her case.[16] These repeated explanations and admonitions proved fruitless. On August 5, 2021 at 11:58 p.m., Plaintiff left a very short voicemail with the Clerk of Court's office seeking a continuance of the August 6, 2021 pretrial order deadline based on unspecified "family emergencies," without providing any further details. Then, on August 6, 2021 at 11:59 p.m., Plaintiff faxed a six-page single-spaced typed letter to the Clerk of Court's office again seeking a continuance and re-asserting a request for the recusal of the undersigned (which has already been addressed many times).[17] Neither of these requests were properly filed nor provided good grounds in support of a continuance. Plaintiff did not file the pretrial order and the August 10, 2021 pretrial conference was canceled.[18]

Defendants filed their original Motion for Contempt on July 19, 2021 (and another on August 24, 2021, asserting the similar grounds), seeking dismissal of this matter due to Plaintiff's

---

[13] Plaintiff was also provided with Defendants' pretrial inserts at the July 22, 2021 conference.
[14] R. Doc. 144. The minutes of the July 22, 2021 in-person status conference were entered on August 9, 2021; however, as reflected in the minutes, during the conference Plaintiff was granted an extension of time until August 6, 2021 to file the pretrial order. Plaintiff was orally advised that the pretrial order was due by that date and her failure to file it would result in dismissal. Plaintiff was aware of the August 6, 2021 filing deadline because she sought continuances of that deadline on August 5, 2021 at 11:58 p.m. via voicemail to the Clerk's Office operations telephone line and on August 6, 2021 at 11:59 p.m. via facsimile to the Clerk's Office (which facsimile was not received until August 9, 2021). In her August 6, 2021 facsimile, Plaintiff also specifically requested (to "Reschedule Court dates of August 6, 2021 and August 10, 2021…."). R. Doc. 145-1, p. 7. (The same August 6, 2021 facsimile, and a letter addressed to the Clerk of Court but requesting relief from the Chief Judge, that re-asserts several past issues, were received by mail on August 10, 2021, see R. Docs. 146-47).
[15] R. Doc. 144.
[16] R. Doc. 144.
[17] The voicemail is not in the record *but see* R. Doc. 145-1. It is inexplicable that Plaintiff typed a six-page singled spaced letter to request a continuance of the August 6, 2021 pretrial order deadline and the August 10, 2021 pretrial conference but failed to draft the required pretrial order (using the form given to her). Furthermore, Plaintiff has been given numerous continuances, despite failure to comply with applicable rules regarding requests for such relief and notwithstanding lack of any specifics provided to the Court regarding alleged emergencies and hardships or how the emergencies and hardships have prevented her from complying with deadlines or appearances. R. Docs. 27, 32, 92, *and e.g.*, 11, 52 (issuing amending scheduling order in light of discovery issues) and 144.
[18] R. Doc. 145.

3

failure to prosecute and/or failure to obey Court orders.[19] Plaintiff's opposition to the original Motion for Contempt was due on August 9, 2021 per Local Rule 7(f). To the extent the three documents received on August 10, 2021 were Plaintiff's response to the Motion for Contempt, her only argument that appears to address the substance of Defendants' arguments is that she was not aware of the deadline for filing the pretrial order.[20] However, the deadline was set on September 29, 2020, and Plaintiff received a copy of the Scheduling Order setting that date, which contradicts her claim.[21] Other than that argument, Plaintiff reasserted the same repeated complaints about the handling of this case and her perception that she has been treated unfairly.[22]

## II.     Legal Standard on Fed. R. Civ. P. 41

Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute.[23] This authority is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases."[24]

---

[19] R. Docs. 139 and 149. Defendants initially sought sanctions against Plaintiff in their Second Motion to Compel, which request was denied without prejudice to re-urging if Plaintiff failed to respond to Defendants' discovery requests as ordered. R. Docs. 66, 84. Notably, Plaintiff was warned at that time that: "Plaintiff is also placed on notice that, if she fails to comply with this Order or otherwise refuses to participate in this proceeding or the discovery process (as she stated she refused to do during the January 6, 2020 conference), which includes refusing to participate in her own deposition, she may be sanctioned by this Court pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 41(b), or pursuant to its inherent power to issue sanctions, including but not limited to, dismissal of this action for noncompliance." (citations omitted). R. Doc. 84, pp. 25-26. Defendants raised the issue of sanctions in their Third Motion to Compel. R. Doc. 134. In the Court's Ruling denying Defendants' Third Motion to Compel discovery as untimely, Defendants were permitted to file a motion for contempt against Plaintiff for her failure to comply with the discovery Ruling or any other order. R. Doc. 138.
[20] R. Doc. 148 and *see* R. Docs. 146-47. The original Motion for Contempt goes beyond just Plaintiff's failure to file the pretrial order is arguing that her conduct throughout this case warrants dismissal.
[21] R. Docs. 85, 87.
[22] R. Docs. 146-48.
[23] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190-91 (5th Cir. 1992), *citing Morris v. Ocean Systems,* 730 F.2d 248, 251 (5th Cir. 1984) and *Rogers v. Kroger Co.,* 669 F.2d 317, 319–20 (5th Cir. 1982).
[24] *Berry*, 975 F.2d at 1190-91, *citing Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962).

4

Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'"[25] district courts have limited discretion in dismissing cases with prejudice.[26] As explained by the United States Court of Appeals for the Fifth Circuit, dismissals with prejudice for failure to prosecute are affirmed only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.[27] Additionally, in most cases where dismissals with prejudice are affirmed, at least one of three aggravating factors is found: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[28]

## III. Analysis

### A. Plaintiff Has Exhibited A Clear Record of Delay and Contumacious Conduct

The docket in this case establishes Plaintiff's clear record of delay and contumacious conduct, defined as "refusing to obey or respect the law in a way that shows contempt"[29] and "stubbornly disobedient: rebellious,"[30] supporting dismissal with prejudice under Fed. R. Civ. P. 41(b).

Over the course of these proceedings, Plaintiff has stubbornly refused to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Filing Procedures when seeking Court relief, including faxing letters to the Clerk of Court, Chief

---

[25] *Berry,* 975 F.2d at 1191, *citing Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1519 (5th Cir. 1985) (quoting *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir. 1981)); *see also Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986).
[26] *Berry*, 975 F.2d at 1191, *citing McGlathery,* 792 F.2d at 474 and *Callip,* 757 F.2d at 1519.
[27] *Campbell v. Wilkinson,* 988 F.3d 798, 802 (5th Cir. 2021), *citing Berry*, 975 at 1191 (*citing Callip,* 757 F.2d at 1519–21; *McGlathery,* 792 F.2d at 474; *Boudwin v. Graystone Ins. Co. Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985)); *Morris,* 730 F.2d at 252.
[28] *Berry, citing McGlathery,* 792 F.2d at 474; *see also Callip,* 757 F.2d at 1519.
[29] https://dictionary.cambridge.org/us/dictionary/english/contumacious.
[30] https://www.merriam-webster.com/dictionary/contumacious.

Judge Dick, and the undersigned, and calling and leaving voicemail messages on the Clerk of Court's operations telephone line seeking relief in the form of continuances or otherwise. Initially, Plaintiff's non-compliant filings were liberally construed and ruled upon in light of her *pro se* status;[31] however, Plaintiff has been provided much guidance regarding the requirements of filing motions and repeatedly ordered to review, and comply with, the rules to properly seek relief.[32] Plaintiff has obstinately refused to do so, and as a result, many of her more recent filings were stricken as improper or returned to her as deficient.[33] As mentioned, Plaintiff failed to timely file the pretrial order, and failed to comply with the Scheduling Order in filing the joint status report.[34] Despite being advised that such conduct is improper, Plaintiff has also clogged the docket with documents that only quote Biblical passages and do not seek permissible forms of relief, review of which needlessly wastes judicial resources.[35]

Plaintiff has also stubbornly refused to accept the Court's Rulings on various issues, which she has *intentionally* continued to contest even as recently as the parties' July 22, 2021 in-person conference;[36] namely, (and among others):[37] (1) recusal of the undersigned, in support of which Plaintiff has always asserted the same grounds, *i.e.*, alleged favoritism of Defendants and unfairness to Plaintiff. The Court denied recusal on these baseless grounds and has addressed it

---

[31] R. Docs. 26-27; 41-42; 97-98; 102, 107; and 111-13.
[32] R. Docs. 52, 98, 116, 119, 137. Plaintiff was informed where she could access the rules. R. Doc. 52.
[33] R. Docs. 116 and 119.
[34] Plaintiff improperly filed two status reports, which contained only her own inserts and/or failed to comply with the Scheduling Order. R. Docs. 9, 13-14. Defendants advised the Court that they could not reach Plaintiff to discuss the joint status report. R. Doc. 10. Then, despite the Court's guidance at an in person-conference, Plaintiff disregarded the Court's Order and improperly filed one again. R. Doc. 18, 22, 25.
[35] *See* R. Docs. 88, 112-1, 115-1, 141 and R. Docs. 107, 116.
[36] R. Doc. 144. And *see* Plaintiff's latest filings at R. Docs. 146-47, received by mail on August 10, 2021, which continue to challenge matters already ruled upon.
[37] *See* Plaintiff's filings at: R. Docs. 82, 91, 95, 97, 99, 102, 111-12, 114-15, 117-118 (both stricken), 120, 126, 145-1 *and see* R. Doc. 144, minutes of the July 22, 2021 conference noting Plaintiff's attempt to re-assert issues previously ruled upon. *See Hendrix v. Sw. Bell Tel. L.P.*, No. 4:12CV685, 2015 WL 1385386, at *3 (E.D. Tex. Mar. 24, 2015) "'[The repetitive nature of her actions in light of repeated court warnings strongly indicates that she did not act unintentionally," *citing Paskauskiene v. Alcor Petrolab, L.L.P.,* 527 Fed.Appx. 329, 334 (5th Cir. 2013).

numerous times;[38] (2) Plaintiff's complaints about Defendants' responses to her discovery requests and the alleged conduct of defense counsel;[39] (3) Plaintiff's complaints about the "change" to the docket number of this case, which was thoroughly explained to Plaintiff in open court;[40] (4) Plaintiff's request for a default judgment;[41] (5) Plaintiff's disparaging and unsupported allegations against the Clerk's Office;[42] and (6) the correct name/identity of Defendant Skye Willis.[43]  Many Rulings have addressed these same issues (and others), and it has been explained to Plaintiff that she will have an opportunity to seek an appeal of Rulings with which she does not agree.[44]  Plaintiff has been guided and encouraged to move her case forward; however, Plaintiff has refused to accept the Court's Rulings and has repeatedly re-asserted these same issues on the same grounds, review and responses to which have needlessly wasted a great deal of judicial resources.[45]

---

[38] R. Docs. 61, 107 *and see* R. Docs. 92, 98, 100.  The record also reflects that Plaintiff has on many occasions made disparaging accusations against defense counsel  (R. Docs. 94, 97, and 111), which have been unwarranted in light of the lack of supporting evidence and his assistance to Plaintiff, including, for example, bringing hard copies of documents produced, discovery responses, a motion, and a copy of Defendants' pretrial order inserts to conferences for Plaintiff's convenience.  R. Docs. 18, 52, 144.  *See Areizaga v. ADW Corp.,* No. 3:14-CV-2899-B, 2016 WL 3511788, at *9 (N.D. Tex. June 7, 2016), *report and recommendation adopted,* No. 3:14-CV-2899-B, 2016 WL 3419097 (N.D. Tex. June 22, 2016) ("Parties should not make filings that engage or attack their opponents or opposing counsel and should not accuse opposing counsel or parties of fraud on the court or criminal conduct merely because they take factual or legal positions with which a party disagrees, however strongly. Ad hominem attacks and efforts to press collateral proceedings on sanctions, contempt, or criminal charges – except in the most exceptional instances in which no other approach is appropriate or up to the task – only serve to multiply and delay proceedings and fly in the face of the court's and the Federal Rules' preference for deciding disputes on the merits.").

[39] R. Docs. 84, 107, *and e.g.*, R. Doc. 61, p. 2, n. 8 (noting no evidence of improper conduct by defense counsel); R. Doc. 83, p. 2, n. 3 (same).

[40] R. Doc. 65, p. 2, n. 4 *and e.g.*, R. Doc. 84, p. 4, n. 21.  At no point has the docket number of this case changed.  When the Order of Reference was issued and Chief Judge Dick was no longer presiding, her initials (SDD) were removed from the docket number to reflect that the undersigned was the presiding judge.

[41] R. Doc. 78 *and see* R. Doc. 98, p. 2, n. 4 (explaining why entry of default is not warranted).

[42] Plaintiff has challenged the integrity of the Clerk of Court's office (R. Doc. 46, R. Doc. 52, p. 2, R. Doc. 65, p. 2, R. Docs. 71, 94-95, R. Doc. 102 (accusing the Clerk of Court of having "violated federal laws"), R. Doc. 111, R. Doc. 120, p. 2), and of the undersigned, various times, including accusing the undersigned of having "lied." R. Doc. 146.  As Defendants point out (R. Doc. 149-1, pp. 6-7), Plaintiff has also made statements that could be construed as threatening such as: "…send notice to both Judges if you have cursed me or attempted to then JEHOVAH and Jesus will also curse you it is written." R. Doc. 82, p. 1 and "For they should soon be cut down like the grass, and wither as the green herb." R. Doc. 141, p. 2.

[43] R. Docs. 84 and 90.

[44] R. Doc. 98 and R. Doc. 107, p. 2.

[45] *See Hearn v. Bd. of Sup'rs of Hinds Cty., Miss.,* 575 F. App'x 239, 243–44 (5th Cir. 2014) (affirming Fed. R. Civ. P. 41(b) dismissal despite "potentially meritorious property claims" due to the plaintiff's clear record of delay or contumacious conduct comprised of the plaintiff's filing of "more than 50 separate motions, most of which were not truly motions, but instead rehashed or supplemented arguments that she previously made in prior motions.").  *See also Areizaga,* 2016 WL 3511788, at *9 ("Continuing to press a legal position that the court has already repeatedly rejected

7

Plaintiff's intentional and unreasonable actions have prevented Defendants from communicating with her about this case.  Defendants have advised the Court, beginning in February 2019 and several times thereafter, that they have been unable to communicate with Plaintiff to conduct discovery conferences and discuss the pretrial order because she does not retrieve her certified mail and she does not return telephone calls.  Plaintiff's telephone number has been disconnected, and she has not provided a new one to Defendants.[46]  Many certified mailings from the Court directed to Plaintiff have gone unclaimed and Plaintiff has been advised several times that she must keep her contact information current and provide Defendants and the Court with a means of communicating with her.  Defendants have continued to assert difficulty reaching Plaintiff about this case.[47]  Plaintiff has indicated that the only way she is to be contacted is by mail and in person;[48] but as mentioned, she sometimes does not retrieve her certified mail.[49]

Plaintiff's intentional and uncooperative conduct in effectively shutting down all communication with Defendants has inhibited discovery and precluded the drafting of the pretrial order, causing delays in this case. Plaintiff adamantly believes that Defendants have not responded to her discovery requests, a matter fully addressed in the Court's September 29, 2020 discovery Ruling on the parties' cross motions to compel, and that defense counsel has misrepresented matters to the Court, which has not been substantiated by any evidence of record.[50]  Despite

---

and for which the only remaining remedy is a challenge once the case goes to a final judgment only serves to frustrate the just, speedy, and inexpensive determination of the action.").

[46] R. Docs. 10, 52, 66-1, 131, 134, 136, and 144.

[47] *See, e.g.,* R. Docs. 60, 69, 73-74, 76 and R. Doc. 52, p. 4, R. Doc. 65, p. 2, and R. Doc. 144. The failure to maintain current address information is grounds for dismissal pursuant to Local Rule 41(b)(4).  Plaintiff confirmed that her address of record is the same as the one on the docket. R. Doc. 144, p. 6. The Court does not dismiss on these grounds because, notwithstanding that some mail that has been returned unclaimed, Plaintiff appears to be aware of Court deadlines such that she must be in receipt of the information.

[48] *See* R. Doc. 70, p. 3 ("…there's a mailbox out front of the address use that method of contact."), R. Doc. 143 ("All Communication is to be directed by Mail and in Person!") *and see* R. Docs. 111-12.

[49] While Plaintiff has sometimes contended that she has not received Court documents, Plaintiff has also failed to retrieve her certified mail.  R. Docs. 60, 69, 73-74, 76.  Her contention is also refuted by her timely responses to Court orders and appearances at hearings, most recently by improper voicemails and facsimiles (some of which are not in the record).  R. Docs. 52, 72, *and see* R. Docs. 140, 142-43, 144, p. 6 and 145-1.

[50] *See* the discovery Ruling at R. Doc. 84, describing these issues.  *See also* many other Orders addressing these same issues alleged against Defendants at R. Docs. 61, 83, 84, 107, 122.  Furthermore, while Plaintiff has issued a number

8

guidance,[51] Plaintiff has been unable to move past these beliefs and accept the Court's rulings on these issues, choosing instead to stop participating in the litigation process. Specifically, Plaintiff stated to defense counsel during the discovery period that she objected to responding to any further discovery requests from Defendants.[52] Plaintiff also stated to the Court during an in-person hearing that she refused to participate in any discovery until her Motion to Compel was resolved.[53] When given the opportunity to use the courtroom to discuss discovery issues with defense counsel, Plaintiff refused to discuss discovery, terminated the discussion, and attempted to leave but was precluded from doing so by the Court.[54] Defendants' recently-filed Third Motion to Compel (which was unopposed, but denied as untimely), indicates that Plaintiff never complied with the Court's September 29, 2020 discovery order to respond to Defendants' discovery requests.[55] Thus, Plaintiff has obstinately refused to respond to discovery requests, to communicate with opposing counsel regarding discovery and to fulfill her Fed. R. Civ. P. 37 discovery obligations.[56]

Plaintiff's "stubborn resistance to authority" is even more egregious given that fact that she has been assisted a great deal and given many warnings about her conduct.[57] The Court has

---

of subpoenas, they were not properly served/and or otherwise deficient as explained to Plaintiff several times. R. Docs. 36 and 52 *and see* R. Doc. 109, quashing improper subpoena.

[51] R. Docs. 36, 52.

[52] R. Doc. 66, p. 3 *and see* Plaintiff's letter at R. Doc. 66-3, p. 20 (also at R. Doc. 63). *See also* R. Doc. 58, wherein Plaintiff objected to answering Defendants' discovery requests. Despite Plaintiff's contentions, Defendants responded to Plaintiff's discovery requests. *See* the discovery Ruling at R. Doc. 84 and Defendants' supplementation per the Court's order at R. Doc. 90.

[53] R. Doc. 65.

[54] R. Doc. 66, pp. 3-4.

[55] R. Docs. 134, 136, and 138. According to Defendants' representations during conferences, because Plaintiff did not respond to their discovery requests, Defendants were prevented from deposing her. *See, e.g.,* R. Doc. 52, p. 5.

[56] *See Hendrix,* 2015 WL 1385386, at *2 (recommending Fed. R. Civ. P. 41(b) dismissal, in part because: "Plaintiff filed her own [status] report despite the Court's clear directive in the January 30, 2014 hearing and the Court's January 30, 2014 order that a single finalized joint report was to be electronically filed by Defendant. *See* Dkts. 38–42. Plaintiff failed to timely respond to Defendants' motions, Plaintiff failed to respond to Defendant's discovery requests, and Plaintiff continued to seek relief already denied by the Court. *See, e.g.,* Dkts. 61 at 3–4; 68; 70. Further, although Plaintiff has made numerous complaints about the service of documents upon her and her preferred address for service, she has failed to file a motion for leave to receive electronic notice in this case as the Court has repeatedly advised….").

[57] *See Hawkins v. AT & T Corp.,* No. SA-02-CA-0166-RF, 2003 WL 22736525, at *3 (W.D. Tex. Nov. 12, 2003) (granting Fed. R. Civ. P. 41(b) dismissal and finding that the plaintiff acted contumaciously when the plaintiff repeatedly failed to comply with the court's orders, evidencing disregard as well as a lack of dedication to the prosecution of her own claim, and when the Court "repeatedly identified to Plaintiff in hearings the consequences of her failure to prosecute or failure to comply with the court's orders regarding discovery.").

conducted numerous telephone conferences and in-person status conferences with the parties in an effort to assist Plaintiff in light of her *pro se* status, including permitting the parties to use the courtroom to discuss discovery and to draft the pretrial order.[58] Plaintiff has obtained several continuances and extensions of hearings and deadlines in this matter.[59] Defense counsel and the Court have provided Plaintiff with hard copy materials during conferences as a courtesy, including Defendants' discovery responses and documents produced, Motion to Compel, and pretrial order inserts, and a copy of the docket sheet and the form of the pretrial order.[60] The Court has also provided Plaintiff with the form to request appointment of counsel, which Plaintiff has not returned (nor has she alleged any details regarding any attempts to obtain counsel and why she has been unsuccessful).[61] Additionally, notwithstanding that Plaintiff was ordered in September of 2020 to file a motion if she wanted to convert the trial to one by jury, which she failed to do, Plaintiff was given another opportunity to request a jury trial in the pretrial order, which she failed to file.[62]

### B. Lesser Sanctions Have Not Been, and Will Not Be, Effective

Lesser sanctions have not and would not prompt diligent prosecution. Possible lesser sanctions include stay, dismissal, and reinstatement; award of attorney's fees; assessment of fines, costs, or damages; fining the party or disciplining the attorney; warning; or conditional reinstatement.[63] The lesser sanctions imposed thus far have been futile. Plaintiff has been given

---

[58] R. Docs. 18, 36, 52, 65 *and see* R. Doc. 137, 142 (one reason for the July 22, 2021 status conference was to permit the parties to discuss and draft the pretrial order, although Plaintiff was given a continuance to file same).
[59] R. Docs. 27, 32, 92, *and e.g.*, 11, 52 (issuing amending scheduling order in light of discovery issues) and 144. Some motions requesting continuances were not supported by good grounds and denied; for others, Plaintiff was ordered to re-urge the motions to explain the basis for the requested continuances. *See, e.g.,* R. Docs. 98, 113. Some motions for continuances were mooted by Plaintiff's appearance at the scheduled conferences. R. Docs. 50 and 52 (as to Plaintiff's request to continue a conference), and R. Docs. 64 and 72.
[60] R. Docs. 18, 52 and 144.
[61] R. Doc. 119 and 119-1. *See also* R. Doc. 122, p. 2. As such, Plaintiff has not shown that she has acted diligently in seeking counsel.
[62] R. Docs. 86, 144. Plaintiff was also advised as to how to properly raise complaints of judicial misconduct should she want to do so. R. Doc. 122.
[63] *Darville v. Turner Industries Group, LLC,* 305 F.R.D. 91, 96 (M.D. La. Feb. 20, 2015), *citing Thanksgiving Tower Partners v. Anros Thanksgiving Partners,* 985 F.2d 557, 1993 WL 35716, at *8 (5th Cir. 1993).

many explicit warnings that her continued failure to comply with Court orders, including her failure to file the pretrial order without an adequate explanation, would result in dismissal.[64] These warnings have gone unheeded. As Plaintiff is proceeding *in forma pauperis*, she is presumably unable to pay monetary sanctions, and monetary sanctions would be punitive considering Plaintiff's alleged financial circumstances. Plaintiff is representing herself so there is no attorney to sanction. A stay, dismissal, and reinstatement would not be effective because Plaintiff's filings convey that she is unwilling to move forward with her case due to her refusal to accept prior rulings, instead choosing to repeatedly re-urge the same issues.

### C. All Three Aggravating Factors Are Met

Plaintiff, who is representing herself, has intentionally caused the delays in this case. Plaintiff has asked for several continuances. Many of these requests were granted, but as the case has moved closer to trial, they have been denied for lack of supporting good grounds. In any event, it is apparent that Plaintiff has not acted diligently to advance her case because, during the nearly three years it has been pending, she has not: (1) fully responded to Defendants' discovery requests, propounded in August 2019, despite receiving extensions of time and an order to do so;[65] (2) retained an attorney, despite receiving additional time to retain one and the form (twice) to request

---

[64] R. Docs. 84, 98, 116, 119, 137, 142, 144. *See Hawkins,* 2003 WL 22736525, at *3 (granting Fed. R. Civ. P. 41(b) involuntary dismissal and noting the plaintiff's failure to obey court orders despite repeated warnings to plaintiff regarding her failure to prosecute or failure to comply with the court's orders, the plaintiff's repeated obstruction of the discovery process, and the plaintiff's failure to move her case forward). *See Pegues v. PGW Auto Glass, L.L.C.,* 451 F. App'x 417, 418 (5th Cir. 2011) (upholding dismissal with prejudice under Fed. R. Civ. P. 37(b)(2)(A)(v) & (d) and 41(b), and finding that the court properly reasoned that lesser sanctions would have been unavailing, as the *pro se* plaintiff was explicitly warned of the possibility of dismissal, was proceeding *in forma pauperis* and would be unable to pay monetary sanctions, and nothing suggested that further warnings would have been effective). *See Hendrix,* 2015 WL 1385386, at *4 (noting that "…less drastic remedies of repeatedly advising Plaintiff of the consequence of her failure to participate and comply clearly were not sufficient to compel her prosecution of the suit or her participation in discovery and other pretrial matters. Given Plaintiff's persistent refusal to comply with Defendant's requests and this Court's orders, it is clear that lesser sanctions (including additional warnings or monetary sanctions) would not serve the interests of justice.").

[65] R. Docs. 84, 134 and 136 (Third Motion to Compel, which appears to have merit although it was not granted because it was filed untimely) and 139.

11

appointment,[66] (3) designated an expert witness, despite indicating the need for one;[67] or (4) prepared the pretrial order, despite receiving additional time to do so after failing to timely file it by the July 9, 2021 deadline—which ultimately resulted in the cancellation of the pretrial conference.[68] Furthermore, rather than appear prepared to discuss discovery and the pretrial order in the courtroom with opposing counsel, as she was twice permitted to do with advance notice,[69] Plaintiff intentionally chose not to use those opportunities to advance her case. Plaintiff has also unduly delayed this matter by submitting numerous letters, motions and facsimiles that re-assert the same claims. The Court has addressed all of the issues raised and re-raised by Plaintiff many times (despite her contention otherwise), which has delayed the progression of this case and also needlessly wasted judicial resources.[70]

Finally, Plaintiff's delays have prejudiced Defendants. As explained above, Plaintiff has refused to communicate with Defendants or participate in discovery, which has left them unable to obtain information necessary to prepare a defense.[71] Likewise, Plaintiff has also failed or refused to communicate with Defendants to prepare the pretrial order, which also prejudices Defendants

---

[66] R. Doc. 29, 32, 120. As mentioned, Plaintiff has not retained counsel, nor has she filed the necessary information to ask the Court to request representation for her, despite that the Court has provided the required form to her as a courtesy. *See* R. Docs. 119 and 122.
[67] *See, e.g.,* R. Docs. 36, 41, 46, p. 3 *and see* the deadline for identifying experts at R. Doc. 85.
[68] R. Docs. 85, 144-45. Plaintiff's allegation that the deadline for the pretrial order had been newly reset or changed is baseless. The deadline was set on September 29, 2020, when an amending scheduling order was issued solely because of the September 29, 2020 discovery Ruling and the parties' duties to respond to discovery as ordered therein. R. Docs. 84-85. Plaintiff received a copy of the amended Scheduling Order. R. Doc. 87, p. 2 (United States Postal Service green card indicating delivery to Plaintiff with certified mail number corresponding to same number on amended Scheduling Order).
[69] R. Docs. 52, 65, 137, 142, and 144.
[70] *See Garofalo v. Taco Bueno, LP,* No. 3:14-CV-2616-M-BH, 2015 WL 4735740, at *3 (N.D. Tex. Aug. 10, 2015) (recommending Fed. R. Civ. P. 41(b) dismissal for failure to prosecute and holding: "The delay has been caused by Plaintiff, who is acting *pro se. See Paskauskiene,* 527 Fed. App'x. at 334 (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself)…." (other citations omitted).
[71] *See, e.g., Hawkins,* 2003 WL 22736525 at *3 (granting Fed. R. Civ. P. 41(b) dismissal and finding that the defendants were prejudiced by the plaintiff's failure to prosecute and failure to provide her own deposition testimony on her discrimination claims). *See also Garofalo,* 2015 WL 4735740, at *3 (recommending Fed. R. Civ. P. 41(b) dismissal for failure to prosecute and holding: "Plaintiff's continued failure to provide any discovery hampers Defendant's ability to defend this case. *See Paskauskiene*, 527 Fed. App'x. at 334 (finding that the defendant faced substantial prejudice in defending itself in the litigation without the ability to take the plaintiff's deposition)."

in their trial preparation, with a trial scheduled for September 21, 2021.[72] Plaintiff's failure to file the pretrial order in the form required prevents the Court from conducting the pretrial conference and thus disrupts the Court's docket.[73]

Plaintiff has been given much leeway and many warnings; however, her obstinate refusal to abide by the Court's orders has completely impeded the progress of this case. Even though she is *pro se*, Plaintiff cannot be permitted to indefinitely delay resolution, and at the same time fail to take any steps to prosecute her claims.[74] Dismissal with prejudice is warranted, as no other, lesser sanctions will prevent Plaintiff from engaging in further contumacious conduct that prevents or further delays resolution of this case.[75]

## IV. Conclusion

Plaintiff's intentional delays and contumacious conduct, including her failure to obey Court orders and to cooperate in the prosecution of her case, despite repeated warnings, warrant dismissal of her claims with prejudice. Accordingly,

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJDUICE** on the Court's own motion, pursuant to Fed. R. Civ. P. 41(b).

---

[72] *See, e.g., Pegues,* 451 F. App'x at 418 (upholding dismissal with prejudice under Fed. R. Civ. P. 37(b)(2)(A)(v) & (d) and 41(b) and finding that it was not erroneous for the district court to conclude that the inability to depose the plaintiff prejudiced the defendants' ability to prepare for trial and defend the plaintiff's sometimes vague and confusing claims).

[73] *See Areizaga,* 2016 WL 3511788, at *8 (discussing sanctions and *citing In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993): "[C]ourts have inherent authority 'to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority.'").

[74] *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner,* 813 F.2d 744, 750 (5th Cir. 1987) (affirming dismissal with prejudice due to the plaintiff's failure to abide by court orders and discovery, and engaging in harassing conduct (including seeking recusal of the district judge in response to an adverse ruling), and holding: "Certainly a good many of Brinkmann's problems stem from the fact that he represents himself. Though we tend to be somewhat more lenient with *pro se* litigants, we cautioned in the appeal of Brinkmann's prior case that '[t]hose who venture into federal court without the assistance of counsel cannot ... be permitted to enjoy much or protracted advantage by reason of that circumstance.' 793 F.2d at 113."

[75] *See, e.g., Brinkmann*, 813 F.2d at 750 (affirming the district court's determination that lesser sanctions would not be ineffective because "the portrait of Brinkmann that emerges from the record is of a shrill and blustery litigant not likely to be brought into line by lesser sanctions.").

**IT IS FURTHER ORDERED** that the Motions for Contempt[76] Against Plaintiff Stacey Williams, filed by Defendants, Magnolia Café, Inc., Robin Marshall, and Skye Williams, although meritorious, are **DENIED AS MOOT** considering the sua sponte order of dismissal.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Stacey Williams, via certified mail, return receipt requested and regular mail at the address listed for Plaintiff on PACER.

Signed in Baton Rouge, Louisiana, on August 25, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[76] R. Docs. 139 and 149.